Mr. Justice James
delivered the opinion of the Court:
This is an action for money had and received on the following state of facts:
It is claimed that one Lieutenant Shaw, of the United States Army, drew his pay for the months of December, 1886, and January, 1887, from Major Stanton, Paymaster at Salt Lake City, Utah; that afterwards, when he came to Washington, he assigned his pay to this defendant, Phillips, for the same months, and that Phillips drew that pay from Major Tucker, here, who was ignorant that it had already *310 been paid to Shaw. There seems to be no dispute as to the payment to the defendant Phillips, nor as to the fact, that Shaw had assigned to Phillips; but there is a dispute as to whether the payment to Jones & Company, bankers in Utah, was a payment to Shaw. In other words, it is claimed that the assignment by Shaw to Jones & Company, of Salt Lake City, was not proven.
The court instructed the jury that there was no proof of that fact. He meant, of course, that there was no proof tending to establish that fact, which was proper evidence to go to the jury. Major Stanton’s deposition contains this answer, on cross-examination:
“ He (Shaw) usually drew his pay from me in person, and occasionally through his assignees, to whom I paid his salary always by check, and I think he always had this same assignee, Messrs. T. R. Jones & Co.”
That is a distinct assertion that T. R. Jones & Company were Shaw’s assignees, in this instance. It was not met by any contradiction, nor was any question asked about it on cross-examination. That of itself would be evidence tending to prove that Jones & Company were in fact the assignees; in other words, that Shaw had made the assignment in this case to them. We consider that evidence tending to the fact all the more, because we must know that the officer had to sign his pay account. It is one of those things known to us as a matter of the public history of the country, and as the method in which a pay account is always drawn — that the officer must always sign.
This testimony is that Shaw has frequently drawn his pay from Stanton in person. On such occasions Shaw would have to sign for his pay, so that Major Stanton was obliged to have seen him do it, and be familiar with his signature. That must be taken into consideration along with the fact that he says -that Jones & Company were the assignees of Shaw. Then he testifies distinctly that he had paid these two months’ accounts to Jones & Company.
That evidence should have been submitted to the jury. The court refused an instruction which it would have been *311 proper to give, had it not been for the opinion of the court that there was no evidence as to the payment to Jones & Company. The first prayer, we think, should have been given: >
“ If the jury believe from the evidence that at the time the payments were made by Major Tucker, Paymaster, U. S. Army, in behalf of the .United States, to the defendant, as the assignee of Lieutenant Shaw, of the amount of Lieutenant Shaw’s pay accounts for December, 1886, 'and January, 1887, the United States had already paid to said Shaw, or his legal assignees, the amounts of said Shaw’s pay accounts for said months in full, the plaintiffs have a right to recover in the present action, and suing in their own name, the moneys so paid to- the defendant as being moneys paid under a mistake of fact, and the fact (if the jury^believe from the evidence that it be a fact), that ’the United States, through their accounting officers, have allowed Paymaster Tucker credit for such payments to the defendant does not relieve defendant .from his liability to repay to the United States the moneys so paid to him.”
That reminds me of another point that was made in the argument in this court. It was claimed that when Major Tucker made this second payment of Shaw’s account, it was his loss, and that the -United States had no action. It appears, however, that Major Tucker paid this account by a check on the Treasury of the United States, and the very moneys of the United States were paid out to the assignee Phillips. It was not Major Tucker’s money, not having been placed in his hands, nor could it possibly be, in law, regarded as moneys mingled with his private money, so that Phillips would become his debtor. Had he even drawn the money and paid it, it would still, from his own testimony, be traceable as the moneys of the United States; but the fact is clearer than that. Major Tucker drew on the Treasury of the United States, and the very moneys of the United States were paid out by mistake to this defendant.

The judgment will be reversed, and the cause is remanded for a new trial.